**David R. Jenkins  #95301**
**Post Office Box 1406**
**2444 Main Street, Suite 120**
**Fresno, California 93716-1406**
**Telephone (559) 264-5695**
**Facsimile (559) 264-5693**
**e-mail drjbklawyer@sbcglobal.net**

Attorneys for Debtor

IN THE UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

| In the Matter of | Case No. 15-12827-A-11F |
|---|---|
| BLUEGREENPISTA ENTERPRISES, INC. | Chapter 11<br>DC DRJ-2 |
| Debtor. | Date: October 7, 2015<br>Time: 11:00 a.m.<br>Dept. A, Judge Clement<br>510 19th Street, Suite 200,<br>Bakersfield, California |

**MOTION FOR ORDER AUTHORIZING USE OF CASH COLLATERAL**

Bluegreenpista Enterprises, Inc. (the "Debtor"), debtor in possession in the above-captioned chapter 11 reorganization case, respectfully requests that the Court authorize the use of cash collateral in which The State Bank of India California, Joseph and Pamela Romance, and, perhaps, others have an interest in accordance with the budget attached to the declaration in support of this motion that is being filed and served concurrently with this motion as Exhibit A .   Other creditors will not be prejudiced if the Debtor receives the requested authorization. Moreover, if the Debtor is not authorized to pay its obligations owing to vendors, the Debtor's business operations and reorganization may be immediately and severely disrupted and could be irreparably harmed.  Creditors with an interest in the cash collateral to be used will have replacement liens with the same priority on post petition like kind collateral.  This motion does not contain any of the provisions listed in Local Rule 4001-1(c)(3).   In support of this motion, the Debtor alleges and cites as follows:

1. The Debtor filed a voluntary chapter 11 petition commencing the above-captioned reorganization case on July 18, 2015 (the "Petition Date"). The Debtor remains in possession of its assets and continues to operate its business as a debtor in possession pursuant to 11 U.S.C. §§ 1101(1), 1107(a), and 1108.

2. The Debtor owns and cultivates a 155 acre pistachio orchard in Kern County, California. The Debtor has no employees and relies on independent contractors to handle the cultivation of its orchard. Without proper cultivation the Debtor's pistachio orchard will be damaged. At a minimum, without proper cultivation, the 2016 crop will likely be smaller and/or of lesser quality as compared to this year. In the absence of proper cultivation over a span of several months it is conceivable that the pistachio trees could die. For that reason, it is in the best interest of the Debtor and all creditors that the debtor be permitted to use cash collateral to take care of the pistachio orchard. The current estimated value of the Debtor's assets is approximately $10,415,246.00. The Debtor has estimated liabilities of approximately $8,639,143.88.

3. The Debtor is exploring alternatives concerning the reorganization of its affairs. These alternatives include, but are not necessarily limited to, finding a lender or investor to provide sufficient funds to treat the existing secured debt in the context of a confirmable Chapter 11 plan. The Debtor is also considering, as an option, using its farming income to pay down the debt and resolve it over a period that the Court determines to be reasonable in the context of a Chapter 11 plan. The Debtor is mindful of the fact that the period of exclusivity for the filing of a Chapter 11 plan will expire on November 15, 2015.

4. The Debtor's projected income and expenses are accurately reflected on Exhibit A hereto.

5. The commencement of the Debtor's Chapter 11 case has already created some apprehension on the part of the trade creditors and suppliers regarding their willingness to continue doing business with the Debtor at least under existing credit terms. Any inability to keep paying the Debtor's accounts on a current basis would hinder the Debtor's ability to obtain acceptable credit terms with its trade vendors. Any such

consequence would materially harm the Debtor's ability to maintain both the appropriate level of operating liquidity required by the Debtor in order to successfully reorganize and the essential services that are necessary to maintain its operations as a going concern.

6. The trade vendor claims are for goods and services necessary to the Debtor's continued operations. Typically these claims are paid within thirty days of the receipt of each creditor's invoice and, generally, no formal written contractual arrangements have been necessary.

7. Vendor support on an on-going basis will be essential to the success of the reorganization process in this case. Without the necessary services being supplied consistent with current credit terms, the Debtor's operation and its reorganization will be put in jeopardy, making a successful reorganization extremely difficult and improbable.

8. The aggregate amount of prepetition trade creditor and employee claims is not substantial in comparison with the value that the Debtor's estate will receive from the uninterrupted cultivation of the pistachio orchard.

9. For the reasons set forth above, there will be no prejudice to other creditors resulting from the Court's authorization for the Debtor to pay postpetition trade claims as requested herein. Authorization to make such payment is necessary so that the Debtor's continued operations and efforts to reorganize are not jeopardized.

10. The Debtor needs authority to use cash collateral in which The State Bank of India California, Joseph and Pamela Romance, and, perhaps, others have an interest because the Debtor does not have sufficient funds that are not cash collateral to meet its needs in the preservation and cultivation of its primary asset-155 acre pistachio orchard. The Debtor's projected income and expenses for the relevant period of time are accurately set forth in Exhibit A except that the debtor does not seek authority to pay professional fees at this time.

11. In order to ensure the continuity and quality of the Debtor's business operations, the Court should authorize the Debtor use cash collateral to pay postpetition claims of vendors and, thus, enable the Debtor to proceed, without unnecessary disruption, toward a successful reorganization. Such authorization will not prejudice

creditors, but rather will protect their interests.

WHEREFORE, the Debtor respectfully requests that the Court authorize it to use cash collateral to pay the postpetition claims of trade vendors as described herein in the ordinary course of the Debtor's business.

Dated:  September 23, 2015

**/s/ David R. Jenkins**
David R. Jenkins, Attorney for Debtor